**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JEFFREY KROL,

Plaintiff,

v. No. 2:26-cv-3188-GJF-KRS

NELSON DWAYNE SIEBENHAAR;
TEMPO FREIGHT SYSTEMS, LLC, *d/b/a*,
JDM EQUIPMENT, LLC, *d/b/a*, JDM
EXPEDITED, LLC; and GAINSCO, INC., *d/b/a*,
GAINSCO AUTO INSURANCE, *d/b/a*,
MGA INSURANCE COMPANY, INC.,

Defendants.

**ORDER TO FILE CORPORATE DISCLOSURE STATEMENTS AND TO AMEND NOTICE OF REMOVAL**

THIS MATTER is before the Court *sua sponte* upon its review of the Notice of Removal ("NOR") filed on September 24, 2026. The NOR alleges that this Court has diversity jurisdiction over the state court complaint. (Doc. 1 at 2 (¶ 7)). "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). Having considered the NOR, the attached state court complaint (Doc. 1 at 9-24), and the applicable law, the Court finds that the NOR fails to allege facts necessary to sustain diversity jurisdiction.

**Discussion**

Federal "district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). "Defendants may remove an action on the

basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). "The party seeking the exercise of jurisdiction in his favor 'must allege in his pleading the facts essential to show jurisdiction.'" *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936))

**1. Citizenship of an Individual**

The NOR alleges that Plaintiff "is a *resident* of … New Mexico," and that, "*[a]ccordingly*, Plaintiff is a citizen of New Mexico." (Doc. 1 at 3 (¶ 9) (emphasis added)). Similarly, the NOR alleges that "Defendant Siebenhaar is a *resident* of … Indiana," and that, "*[a]ccordingly*, he is a citizen of Indiana." (*Id.* (¶ 10) (emphasis added)).

An individual's citizenship for purposes of diversity jurisdiction determined by his or her domicile, and a person's domicile is defined as the place where the party resides with the intent of remaining indefinitely. *McEntire v. Kmart Corp.,* No. CIV 09-0567 JB/LAM, 2010 WL 553443, at *3 (D.N.M. Feb. 9, 2010) (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983)). The NOR relies on allegations of residence to allege the citizenship of Plaintiff and Defendant Siebenhaar. "The Supreme Court and the Tenth Circuit have both stated, repeatedly, that 28 U.S.C. § 1332(a) requires averments of citizenship to establish federal jurisdiction, and that averments of residence will not satisfy that requirement." *McEntire*, 2010 WL 553443, at *8 (citing cases); *see, e.g., Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("Allegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.").[1] To

[1] *See also Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015) ("[A]n allegation that a party ... is a resident of a state is not equivalent to an allegation of citizenship and is insufficient to confer jurisdiction upon the District Court."); *Travaglio v. Am.*

be sure, "in 'certain circumstances ... proof that a person is a resident of a state may prima facie indicate that he is a citizen of that state.'" *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1238 (quoting *Whitelock*, 460 F.2d at 514 n. 14). But we are dealing at this stage of the proceedings not with evidentiary issues of proof but the legal sufficiency of pleaded facts. *See id.* at 1238 n.2.[2] The NOR's allegation that Defendant Siebenhaar is a citizen of Indiana because he resides there is particularly problematic. Presumably, Siebenhaar, as one of the removing Defendants, has personal knowledge of the place where he intends to remain indefinitely and therefore does not need to rely solely on an allegation of residency. *See, e.g., Route 66 Plaza, LLC v. Benchmark Ins. Co.*, No. 1:25-CV-00462 KWR/SCY, 2026 WL 2751557, at *7 (D.N.M. Sept. 16, 2026) ('Plaintiffs did not explain why they were unable to plead their own citizenship.").[3] The NOR's reliance on allegations of residency to allege citizenship is more than a mere technical defect. Not only is it possible for "one [to] reside in one place but be domiciled in another," *Miss. Band of*

---

*Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) ("The allegations in Travaglio's complaint about her citizenship are fatally defective. Residence alone is not enough."); *Simon v. Taylor*, 455 F. App'x 444, 446 (5th Cir. 2011) ("an allegation that the parties are 'residents' of particular states is insufficient to provide the court with diversity jurisdiction"); *Kantrow v. Celebrity Cruises Inc.,* 533 F. Supp. 3d 1203, 1215 (S.D. Fla. 2021) (citing additional cases).

[2] The NOR cites *State Farm Mutual Automobile Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994), for the proposition that residence is prima facie *evidence* of domicile, *see* (Doc. 1 at 3 (¶ 8), without discussing *Siloam Springs Hotel, L.L.C.,* which makes clear that this principle does not mean citizenship can be *alleged* based solely on residency.

[3] In contrast, a removing defendant may need to rely on the plaintiff's allegation in the state court complaint of the plaintiff's place of residence as the factual basis for alleging the plaintiff's citizenship in the notice of removal. Some courts have held the removing defendant may do so, provided the place of residence is used as the basis for alleging the plaintiff's *domicile*, since domicile and not residency determines citizenship. *See, e.g., Lee v. BMW of N.A*, LLC, No. SACV 19-01722 JVS (ADSx), 2019 WL 6838911, at *2 (C.D. Cal. Dec. 16, 2019); *but cf. Whelan v. Wesley Apt. Homes, LLC*, 376 F. Supp. 3d 1312, 1319 (N.D. Ga. 2019) (holding that a plaintiff's allegation of residency in a state court complaint was not sufficient to alert a defendant that the case was removeable because "residency is not synonymous with—or sufficient to establish—citizenship").

*Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989), it is not an uncommon occurrence. To delay requiring clarification of the matter would "only compound[ ] the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed." *Lowe v. Travelers Home & Marine Ins. Co.*, No. 19-CV-00983-PAB, 2019 WL 1615070, at *1 (D. Colo. Apr. 15, 2019). Accordingly, the removing Defendants must file an Amended Notice of Removal that alleges the citizenship of individual parties based on domicile, which is to say, based on residency with the intent to remain indefinitely.

**2. Citizenship of an LLC**

**a. Applicable Legal Rule**

The NOR alleges that a limited liability company ("LLC") "is deemed to be a citizen of the state where each of its members resides." (Doc. 1 at 3 (¶ 11) (citing *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1237–38)). That allegation, however, misstates the holding of *Siloam Springs Hotel, L.L.C.* In that case, the Tenth Circuit rejected the defendant's "request to determine the citizenship of [a limited liability company] by reference to its state of organization and the state of its primary business operations and, instead, join[ed] all other circuits that have considered the matter in concluding [a limited liability company] *takes the citizenship of all its members*." *Siloam Springs Hotel, L.L.C.*, 781 F.3d at 1238 (emphasis added). The NORs statement of the applicable legal rule, which refers to the state where each of the members "resides," is inaccurate because it assumes that all of the members of the limited liability company or companies in question are individuals, since business entities do not "reside" anywhere. Moreover, even if all members are individuals (which, as will be seen, they are not), the citizenship of those individuals must be determined, as previously discussed, by their *domicile* not their state of residence. *See id.* (rejecting membership list showing names and addresses as sufficient to establish citizenship of LLC

because, among other things, "[a]n individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship").

**b. Identification of Defendant Entities**

Not only does the NOR misstate the applicable legal principle, it also glosses over an ambiguity in the state court complaint, clarification of which is necessary for the Court to assess whether there is subject matter jurisdiction over the state court complaint based on diversity of citizenship. The caption to the state court complaint identifies Tempo Freight Systems, LLC, JDM Equipment, LLC, and JDM Expedited, LLC, as defendants, but uses the designation "d/b/a" between those names. Similarly, the case caption identifies Gainsco, Inc., Gainsco Auto Insurance, and MGA Insurance Company, Inc., as defendants, but also connects those names with the designation "d/b/a." The letters "d/b/a" stand for "doing business as," and usually mean that the name preceding the "d/b/a" is the official registered name of the entity in question, while the name or names following the "d/b/a" are the common or more recognizable name or names under which the business entity operates or markets itself.[4] In other words, the assumption in using the designation "d/b/a" is that the names connected by that designation refer to a single entity. But here, the listed names do not appear to be trade names under which a single entity operates; they instead appear to refer to separate, albeit possibly related, legal entities.[5]

"[W]hen the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are." *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243–44

[4] *See, e.g., https://www.law.cornell.edu/wex/doing_business_as_%28 dba%29* (last visited Oct. 15, 2026).

[5] *See, e.g.,* (Doc. 1 at 10 (¶¶ 3-6)).

(10th Cir. 2007) (citations omitted). From the body of the complaint here, it is apparent that the names "Tempo Freight Systems, LLC d/b/a JDM Equipment, LLC, d/b/a JDM Expedited, LLC" are intended to refer to the owner of the semi-tractor truck and trailer involved in the accident and Defendant Siebenhaar's employer,[6] while the names "Gainsco, Inc. d/b/a Gainsco Auto Insurance, d/b/a MGA Insurance Company, Inc." are intended to refer to the insurance company that issued the automobile insurance policy covering Plaintiff's vehicle.[7] In other words, Plaintiff appears to be using the "d/b/a" designation incorrectly in that he intends to sue only two entity defendants—the owner/employer of Defendant Siebenhaar and the insurer of Plaintiff's vehicle. He appears to have named three different business entities for each of those two entity defendants because he simply did know which of the three is the correct entity to sue.

Insofar as removal jurisdiction is concerned, the named entities against whom Plaintiff has no possibility of a valid claim, i.e., because that entity did not employ Defendant Siebenhaar or did not insure Plaintiff's vehicle, can be ignored. *See, e.g., Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (discussing fraudulent joinder doctrine). Accordingly, it is up to the removing Defendants, as the parties seeking to assert federal jurisdiction, to identify the business entities named in the complaint against whom Plaintiff has a claim based on those entities' relationship to the facts alleged in the complaint, so that the Court can properly assess its subject matter jurisdiction. Rather than do that, the NOR makes clear in the jurisdictional allegations section that Tempo Freight Systems, LLC, JDM Equipment, LLC, and JDM Expedited, LLC are separate entities, and it discusses the citizenship of each of those entities as if they are all named defendants

---

[6] *See* (Doc. 1 at 11-12, 14-16 (¶¶ 10, 18-19, 22-25)); *see also* (*id.* at 36- 41, 48-51 (single set of discovery requests served jointly on Tempo Freight Systems, LLC, JDM Equipment, LLC, and JDM Expedited, LLC).

[7] *See* (Doc. 1 at 10, 17-18 (¶¶ 6, 27-31)).

in the case. But it the ignores JDM Equipment, LLC and JDM Expedited, LLC when it identifies the removing Defendants versus the non-removing Defendants whose consent to removal is required, which is inconsistent with treating those entities in the jurisdictional allegations as if they were parties to the case. The NOR does not explain why it does not identify JDM Equipment, LLC and JDM Expedited, LLC as either one of the removing Defendants, or one of the non-removing Defendants whose consent may be required for the removal.[8] Accordingly, the removing Defendants must file an Amended NOR that eliminates the ambiguity regarding the status of JDM Equipment, LLC and JDM Expedited, LLC as legal entities separate and distinct from Tempo Freight Systems, LLC, whose citizenship and consent to removal can either be ignored because those entities were fraudulently joined, or whose citizenship and consent to removal must be addressed in assessing whether removal was proper.

**c. NOR's Application of the Legal Rule for Determining An LLC's Citizenship**

The allegations in the NOR concerning the citizenship of Defendant Tempo Freight Systems, LLC ("Tempo" or "TFS")[9] include the following:

---

[8] Even if properly joined, JDM Equipment, LLC and JDM Expedited, LLC need not have consented to removal if they were not served prior to removal. *See* 28 U.S.C. § 1446(b)(2)(A). But the NOR discusses the service issue only with regard to Defendants Gainsco, Inc. and MGA Insurance Co., Inc. *See* (Doc. 1 at 6 (¶¶ 26-27)). It omits any information concerning service on JDM Equipment, LLC and JDM Expedited, LLC. Therefore, for present purposes, the Court assumes that those entities were served and thus that their consent to removal would be required if Plaintiff has potentially viable claims against them. *See generally* (Doc. 1 at 81-107 (state court summonses and returns)).

[9] Until such time as the removing Defendants clarify whether the JDM Equipment, LLC and JDM Expedited, LLC are properly named defendants in the case, the Court will only address the jurisdictional allegations in the NOR applicable to TFS. *See, e.g.,* (Doc. 1 at 56, 68 (¶ 10) (admitting that Siebenhaar "was driving [the semi-tractor and trailer] for Tempo"); *id.* at 57, 69 (¶ 18) ("Siebenhaar admits that at the time of the accident he was driving in the course and scope of his employment for Tempo.")). If it turns out that the Court must also consider the citizenship of JDM Equipment, LLC, and JDM Expedited, LLC for purposes of assessing the complete diversity requirement, the jurisdictional allegations in the NOR concerning those two limited

> TFS is a foreign limited liability company organized and existing under the laws of the [state of] Illinois, with its principal office in Lyons, Cook County, IL. Its sole member is AK Solutions, LLC, which is a limited liability company organized and existing under the laws of Delaware with its principal office located in Dover, Delaware. Accordingly, AK Solutions, LLC is a citizen of Delaware, and TFS can be deemed to be a citizen of Illinois or Delaware.

(Doc. 1 at 3 (¶ 12)). These allegations incorrectly apply the rule that the citizenship of a limited liability company is determined by its members. While the allegations identify AK Solutions, LLC as the sole member of TFS, the NOR goes on to determine the citizenship of AK Solutions, LLC by applying the rule for determining the citizenship of a corporation, even though it simultaneously acknowledges that AK Solutions, LLC is *not* a corporation but is instead another limited liability company. Where an LLC such as TFS has another unincorporated entity, such as AK Solutions, LLC, as one of its members, the LLC's citizenship (i.e., the citizenship of TFS) "must be traced through however many layers of partners or members there may be" to determine its citizenship. *White v. Diversicare of Hutchinson, LLC*, No. 24-2373-KHV-RES, 2024 WL 4637499, at *2 (D. Kan. Aug. 28, 2024) (internal quotation marks and citation omitted).[10] These principles,

---

liability companies suffer from the same defects identified herein pertaining to the jurisdictional allegations concerning TFS.

[10] *See also Woodward, Inc. v. Zhro Sols., LLC*, No. 18-CV-01468-PAB, 2018 WL 11455060, at *2 (D. Colo. June 13, 2018) ("When an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347-48 (7th Cir. 2006) ("The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships. A federal court thus needs to know each member's citizenship, and if necessary each member's members' citizenships." (internal citations omitted)); *SREI-Miami, LLC v. Thomas*, No. 08-cv-00730-MSK-BNB, 2008 WL 1944322, at *1 (D. Colo. May 2, 2008) (noting defendants' acknowledgment "that the weight of authority generally requires them to drill down through each layer of ownership, showing the citizenship of each member of each component limited-liability corporation that, collectively, comprise Strategic Real Estate Investors, LLC"); *Turner Bros. Crane & Rigging, LLC v. Kingboard Chem. Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("[W]hen partners or members are

applied here, result in the following analysis: Because TFS is a limited liability, it "takes the citizenship of all its members," *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (citing *Siloam Springs Hotel, LLC*), which means that it takes the citizenship of AK Solutions, LLC. And the fact that AK Solutions is also a limited liability company means that its citizenship cannot be determined without identifying who its members are, and then determining the citizenship of each of those members. If any of those members are individuals or corporations, then the analysis ends as to those members by applying the rules applicable to individuals and/or corporations. But if any of those members are also unincorporated entities, then the members of those entities must be identified and those members' citizenship examined, and so on down the line until there are no more unincorporated entities whose members need to be identified and citizenships examined. Because the allegations in the NOR do not trace the citizenship of TFS through the layers of unincorporated entities, it does not allege sufficient facts from which the Court may determine whether there is complete diversity in the case.

**3. Rule 7.1**

Federal Rule of Procedure 7.1 requires every nongovernmental corporate party to file a statement that: "(A) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or (B) states that there is no such corporation." FED. R. CIV. P. 7.1(a)(1). Federal Rule of Civil Procedure 7.1 also requires every party to file a disclosure statement as to its own citizenship. *See* Fed. R. Civ. P. 7.1(a)(2) ("In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name -- and identify the citizenship of -- every

---

themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be ....'"))).

individual or entity whose citizenship is attributed to that party or intervenor: when the action is filed in or removed to federal court."). These disclosures are due "with [the party's] first appearance, pleading, petition, motion, response, or other request addressed to the court." FED. R. CIV. P. 7.1(b)(1).

None of the entity Defendants have filed corporate disclosures statements despite having appeared in this federal action. Accordingly, those parties will be ordered to comply with Rule 7.1.

## Conclusion

**THEREFORE, IT IS ORDERED THAT** the appearing entity Defendants shall file corporate disclosure statements no later than **seven (7) days** from the date of this Order.

**IT IS FURTHER ORDERED** that the removing Defendants shall file an Amended Notice of Removal no later than **fourteen (14) days** from the date of this Order correcting the deficient jurisdictional allegations, as set forth in this Order. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). If the removing Defendants are unable to correct the deficient jurisdictional allegations in the NOR, or if they fail to file an Amended Notice of Removal in compliance with this Order, the Court may recommend that the case be remanded for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

IT IS SO ORDERED this 19th day of October, 2026.

KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE